UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III,<br><br>Plaintiff,<br><br>v.<br><br>D. CARRILLO,<br><br>Defendant. | Case No. 1:19-cv-00946-DAD-JDP<br><br>RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE DENIED<br><br>ECF No. 6<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

Plaintiff Marcos Casey Guillen is a state prisoner proceeding without counsel in this civil rights action. The matter is before this court after being removed from Kern County Superior Court. *See* ECF No. 1. On July 31, 2019, plaintiff moved to remand the case back to state court, asserting that his complaint is based on state law and that a state court can adequately review any related federal claims. *See* ECF No. 6. On August 6, 2019, defendant filed an opposition to the motion. ECF No. 8. We recommend that plaintiff's motion be denied.

**ANALYSIS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). A motion to remand is a dispositive motion. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). The parties have not consented to the jurisdiction of a magistrate judge, so the remand motion requires an order from a district judge.

1

When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove that action to federal district court. *See* 28 U.S.C. § 1441(a). Federal-question jurisdiction is governed by the "well-pleaded complaint rule" (or "Mottley rule") which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

Here, even though plaintiff's pro se complaint does not cite specific constitutional provisions, his "statement of his own cause of action shows that it is based upon" the Constitution. *Mottley*, 211 U.S. at 152. Plaintiff's complaint states that he "has the right to file a complaint against [defendant] Carrillo without any retaliation." ECF No. 1 at 7. As plaintiff's motion to remand acknowledges, this claim is based on the Constitution. *See* ECF No. 6 at 3 ("Plaintiff Guillen was practicing his First Amendment right to petition the government.").

If plaintiff is concerned that proceeding in federal court may mean that his related state law claims will go unheard, the court notes that such concerns may be unwarranted. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**RECOMMENDATION**

The court should deny plaintiff's motion to remand.

Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Recommendation."

IT IS SO ORDERED.

Dated: August 7, 2019

/s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 205