UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III,<br><br>Plaintiff,<br><br>v.<br><br>D. CARRILLO,<br><br>Defendant. | No. 1:19-cv-00946-DAD-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 31, 38) |

Plaintiff Marcos Casey Guillen, III is a state prisoner proceeding *pro se* in this action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2022, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment be granted in part and denied in part. (Doc. No. 38.) Specifically, the magistrate judge concluded that defendant's motion for summary judgment should be granted with respect to plaintiff's First Amendment retaliation claim and Bane Act claim to the extent those claims involved allegations of the search and "trashing" of plaintiff's prison cell because the person allegedly responsible for those acts is not a named defendant in this action. (*Id.* at 11–13, 14–17.) The magistrate judge also recommended that defendant's motion for summary judgment be denied with respect to plaintiff's First

1

Amendment and Bane Act claims to the extent those claims are based on the alleged strip search that defendant performed on plaintiff. (*Id.* at 3–11, 14–17.) Lastly, the magistrate judge recommended that the defendant's motion for summary judgment be denied to the extent is was made on qualified immunity grounds with regard to plaintiff's claims stemming from his alleged strip search. (*Id.* at 13–17.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 17.) Plaintiff filed objections on April 11, 2022. (Doc. No. 39.) Therein, plaintiff objects to the partial granting of defendant's motion for summary judgment because, according to plaintiff, defendant Carrillo's misconduct "set in motion" the cell search and trashing, even if defendant did not himself commit those actions. (*Id.* at 2.) Plaintiff requests an opportunity to send additional interrogatories to defendant Carrillo on this point. (*Id.*) The court does not find plaintiff's objections to be persuasive. As an initial matter, the findings and recommendations persuasively and correctly concluded that plaintiff "provides no evidence to . . . dispute Carrillo's evidence that he had nothing to do with either the searching of the cell or directing anyone else to search the cell." (Doc. No. 38 at 12.) Moreover, to the extent plaintiff seeks to submit additional interrogatories, the discovery and scheduling order in this case set the final discovery deadline as February 9, 2021. (Doc. No. 19.) Plaintiff has not shown good cause for the court to set aside that deadline and reopen discovery in this case that was initiated in 2019.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1.  The findings and recommendations issued on March 28, 2022 (Doc. No. 38) are adopted;

2.  Defendant's motion for summary judgment (Doc. No. 31) is granted in part and denied in part as follows:

      a.    Defendant's motion for summary judgment is granted with respect to plaintiff's First Amendment retaliation claim and Bane Act claim to the extent those claims are based on defendant's alleged search or trashing of plaintiff's cell;

      b.    Defendant's motion for summary judgment is denied with respect to plaintiff's First Amendment retaliation claim and Bane Act claim to the extent those claims are based on plaintiff's strip search and denied to the extent brought on qualified immunity grounds as to that claim; and

3.    This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **May 16, 2022**

_____
UNITED STATES DISTRICT JUDGE

3