UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO CASEY GUILLEN, III., <br><br> Plaintiff, <br><br> v. <br><br> D. CARRILLO, <br><br> Defendant. | Case No. 1:19-cv-00946-DAD-HBK (PC) <br><br> **ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION AND STAY OF CASE** <br><br> **NOTICE TO OPT OUT DUE BY July 14, 2022** |

   Plaintiff Marcos Casey Guillen, III, is a current state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983 and the California Bane Act that was removed to this Court. (Doc. Nos. 1, 1 at 4-29). After screening, Defendant Carrillo filed an answer. (Doc. Nos. 17, 18). On March 28, 2022, the undersigned issued findings and recommendations to grant in part and deny in part Defendant Carrillo's merits-based motion for summary judgment. (Doc. No. 38). On May 17, 2022, the District Judge assigned to this case adopted the findings and recommendations, granting in part and denying in part Defendant Carrillo's motion for summary judgment and referring the case back to the undersigned for further proceedings. (Doc. No. 40). This case is procedurally postured for trial.

   Prior to setting this matter for a telephonic trial confirmation hearing, the Court will afford

the parties a second opportunity to engage in alternative dispute resolution ("ADR").[1]  As previously, noted the Court refers all civil rights cases filed by *pro se* individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively.  *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time and expense of preparing for trial.  The Court therefore will continue a STAY of this action for 60 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in settlement discussions and/or agree to court mediated ADR.  If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.  If either party opts out or the settlement is unsuccessful, the Court will set the case for trial.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay.

2. **Within 30 days** from the date of this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.  **If either party objects to a settlement conference the Court will LIFT the STAY and set this matter for telephonic trial confirmation hearing and trial.**

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

5. The Clerk of Court shall serve a courtesy copy of Plaintiff's complaint (Doc No. 1

---

[1] An early ADR was held on September 15, 2020, at which the parties reached an impasse.

at 4-29); the Court's findings and recommendations (Doc No. 38), and this Order on Supervising Deputy Attorney General Lawrence Bragg.

   6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:   June 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE